**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ASHLEY JOSIE,

Plaintiff,

v.

CITY OF PRINCETON and PRINCETON PUBLIC UTILITIES COMMISSION,

Defendants.

Case No. 24-cv-3449 (LMP/LIB)

**ORDER ON APPEAL OF DENIAL OF MOTION FOR LEAVE TO AMEND**

---

Samuel Kramer and Katherine Rollins, **MacDonald Hoague & Bayless, Minneapolis, MN**, and Anika Ades, **MacDonald Hoague & Bayless**, **Seattle, WA**, for Plaintiff.

Dyan J. Ebert and Cally Kjellberg-Nelson, **Resolute Law LLC, St. Cloud, MN**, for Defendants.

Ashley Josie brought this action in August 2024, alleging that the City of Princeton (the "City") and the Princeton Public Utilities Commission ("PPUC") (collectively "Defendants") violated various federal and state statutes when she attempted to use sick time to care for herself and her children. *See* ECF No. 1 ¶¶ 96–178. At issue here, Josie specifically accuses the PPUC of violating—with deliberate indifference toward her rights—the Minnesota Earned Sick and Safe Time Act ("ESST"), Minn. Stat. § 181.9447, and the Minnesota Whistleblower Act, Minn. Stat. § 181.932. *Id.* ¶¶ 107–17, 170–78. This is the standard for punitive damages in Minnesota. Minn. Stat. § 549.20, subd. 1(b)(2).

On August 14, 2025, Josie moved to amend her complaint to add a demand for punitive damages to her ESST and Whistleblower Act claims. ECF No. 29; ECF No. 31-1

at 126–51. Defendants objected, ECF No. 34, and on October 1, 2025, United States Magistrate Judge Leo I. Brisbois denied Josie's motion for leave to amend, ECF No. 44. Josie objects to that decision under Federal Rule of Civil Procedure 72(a). ECF No. 45. For the following reasons, the Court vacates Magistrate Judge Brisbois's order and grants Josie's motion for leave to amend.

## BACKGROUND[1]

Josie filed her initial complaint on August 28, 2024, bringing nine claims. *See generally* ECF No. 1. In her initial complaint, Counts 3, 5, and 7 alleged disability discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") and explicitly sought punitive damages as provided for under the ADA. *Id.* ¶¶ 124, 142, 160; *see* 42 U.S.C. § 1981a(b)(1). Likewise, Counts 4, 6, and 8 alleged similar disability discrimination and reprisal claims under the Minnesota Human Rights Act ("MHRA") and expressly sought punitive damages as provided for under the MHRA. *Id.* ¶¶ 132, 152, 168; *see* Minn. Stat. § 363A.29, subd. 4. But Counts 2 and 9 alleged claims under ESST and the Whistleblower Act. *Id.* ¶¶ 107, 170. Because these statutes do not explicitly contemplate punitive damages, the complaint stated that Josie would "seek leave to amend the complaint to add a claim for punitive damages" under Minn. Stat. § 549.191, .20. *Id.* ¶¶ 117, 178.

[1] The Court detailed the factual background of Josie's complaint in a contemporaneously filed order on the parties' cross-motions for summary judgment. ECF No. 76. The Court incorporates that background here.

On August 14, 2025, Josie filed the anticipated motion, which requests "leave to amend the Complaint to seek punitive damages on her Minnesota state law claims pursuant to Federal Rule of Civil Procedure 15, or in the alternative, under Minn. Stat. § 549.191." ECF No. 29. Attached to her motion was a proposed amended complaint, which is identical in all material respects to the original complaint except for the addition of a demand for punitive damages to her ESST claim (Count 2) and Whistleblower Act claim (Count 9). *See* ECF No. 31-1 ¶¶ 115, 175. Defendants opposed Josie's motion for leave to amend, arguing that the amendments were futile. ECF No. 34 at 5–6.

On October 1, 2025, Magistrate Judge Brisbois denied Josie's motion, concluding that amendment was futile because the proposed amended complaint "does not provide a basis upon which a jury could reasonably conclude that there exists clear and convincing evidence that Defendants acted with deliberate disregard for Plaintiff's rights." ECF No. 44 at 21–22. Josie objects. ECF No. 45.

**ANALYSIS**

Josie argues that Magistrate Judge Brisbois applied an erroneous legal standard in denying her motion for leave to amend. ECF No. 45 at 1. Ordinarily, the Court reviews a magistrate judge's order on a nondispositive matter under a "clearly erroneous" or "contrary to law" standard. L.R. 72.2(a)(3). But courts in this District apply a de novo standard of review when considering orders denying motions to amend based on futility. L.R. 72.2(a)(3)(B). As a result, the Court considers Magistrate Judge Brisbois's order de novo.

## I. Standard of Review

This case presents a familiar legal question in this District: whether, and to what extent, Minn. Stat. § 549.191 and 549.20 govern a plaintiff's ability to plead a demand for punitive damages on a Minnesota cause of action. *See, e.g.*, *Hormozi v. Neist Media LLC*, No. 24-cv-3241 (DWF/DTS), 2024 WL 4772462, at *6–8 (D. Minn. Nov. 13, 2024); *Speed RMG Partners, LLC v. Arctic Cat Sales Inc.*, No. 20-cv-609 (NEB/LIB), 2021 WL 7286933, at *3–7 (D. Minn. Aug. 6, 2021); *Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847, 855–59 (D. Minn. 2018).

In broad strokes, a plaintiff in Minnesota state court generally cannot seek punitive damages in an initial complaint. *See* Minn. Stat. § 549.191. Instead, the plaintiff must later move to amend the complaint to include a claim for punitive damages, specifically allege why punitive damages are warranted, and file "one or more affidavits showing the factual basis for the claim." *Id.* The state court then assesses whether the plaintiff has shown prima facie evidence that "the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20, subd. 1(a); *see* Minn. Stat. § 549.191.

The Federal Rules of Civil Procedure contain no similar pleading limitations. Under Rule 8(a), which governs the initial filing, the plaintiff must only state a claim and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Under Rule 15, which governs amendments, the plaintiff may amend the complaint as a matter of course in some circumstances, and, when judicial permission is required, the court is to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Historically, judges in this District applied Minn. Stat. § 549.191 and did not permit the pleading of punitive damages in an initial complaint. *Sela*, 353 F. Supp. 3d at 855 (collecting cases for the proposition that "this District has long applied *state* pleading standards to claims for punitive damages under Minnesota law"). But after the Supreme Court's decision in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), the "great weight" of authority in this District now looks exclusively to the Federal Rules regarding the pleading of punitive damages. *Smartmatic USA Corp. v. Lindell*, No. 22-cv-98 (WMW/JFD), 2023 WL 6890929, at *4 (D. Minn. Oct. 19, 2023); *see also Dolphin Kickboxing Co. v. Franchoice, Inc.*, No. 19-cv-1477 (MJD/ECW), 335 F.R.D. 393, 396–401 (D. Minn. 2020).

This Court has yet to weigh in on the issue, but for the same reasons provided in decisions from most judges in this District over the last decade, the Court agrees that Federal Rules of Civil Procedure 8 and 15 govern the pleading of punitive damages in federal court, even when those punitive damages are based on a state cause of action.[2] As

---

[2] The Court's conclusion is bolstered by the United States Supreme Court's recent decision in *Berk v. Choy*, 607 U.S. 187 (2026). As the Court held, Delaware's requirement that a plaintiff submit an affidavit from a medical professional attesting to the merits of a suit conflicted with Federal Rule of Civil Procedure 8 and consequently did not apply in federal court. As the Court underscored, the substantive nature of a state law, or its substantive purpose, makes no difference. *Id.* at 199 (citing *Shady Grove*, 559 U.S. at 409 (plurality opinion)). Rule 8 governs what the plaintiff must present at the outset of litigation. *Id.* While there have been few references to *Berk* in the Eighth Circuit or the District of Minnesota, United States Magistrate Judge Elizabeth Cowan Wright cited the case in applying Rule 15 when deciding whether to grant leave to add a punitive damages claim to state-law claims. *Famuyide v. Chipotle Mexican Grill, Inc.*, No. 23-cv-1127 (DWF/ECF), 2026 WL 765356, at *4 (D. Minn. Mar. 18, 2026).

a result, the Court agrees that, consistent with Rule 8, "a plaintiff may plead punitive damages claims . . . in their original complaint." *Hormozi*, 2024 WL 4772462, at *8; *see Jones ex rel. Handy v. City of St. Paul*, 715 F. Supp. 3d 1166, 1174 (D. Minn. 2024) ("Rule 8(a) of the Federal Rules of Civil Procedure, which allows a party to request punitive damages in its complaint, applies to pleading punitive damages under state law in federal court."). And in accordance with Rule 15, a request to amend a complaint to include punitive damages must be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2).

Because Josie filed a motion for leave to amend her complaint, the Court must consider whether "justice so requires" she be granted leave to do so. *See id.* Although Rule 15's standard is liberal, a court may properly deny leave to amend when it is futile because the proposed amended complaint "could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (citation omitted). And while Minnesota state law no longer controls the procedure for pleading punitive damages in federal court in the initial complaint, it still has some application to the futility analysis. In particular, Minnesota state law "provides the substantive standard against which the Court must measure" Josie's claim to punitive damages. *Speed RMG Partners*, 2021 WL 7286933, at *7; *see Perez v. Axis Residential, LLC*, No. 24-cv-4310 (MJD/JFD), 2025 WL 1088165, at *3 (D. Minn. Apr. 11, 2025) ("When a party opposes a motion to amend a complaint to allege punitive damages based on futility, the Court looks to Minnesota substantive law governing the scope of punitive damages, which is found in Minnesota Statute § 549.20."). That statute states that punitive

damages "shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn. Stat. § 549.20, subd. 1(a). So the Court must determine whether the proposed amended complaint plausibly alleges facts that the acts of Defendants "show deliberate disregard for the rights or safety of others."[3] *Speed RMG Partners*, 2021 WL 7286933, at *7 (internal quotation marks omitted) (citation omitted).

## II. Whether Josie Plausibly Alleges Entitlement to Punitive Damages

Minnesota defines "deliberate disregard" as occurring when "the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others" and "deliberately proceeds to act" in conscious or intentional disregard, or with indifference to, "the high degree of probability of injury to the rights" of others. Minn. Stat. § 549.20, subd. 1(b). This is a demanding standard and

---

[3] Magistrate Judge Brisbois used a slightly different standard, which he called a "hybrid" one, and required Josie to plausibly "demonstrate *clear and convincing evidence* that the defendant acted with deliberate disregard for plaintiff's safety or rights." ECF No. 44 at 7 (emphasis added). But the clear-and-convincing standard from Section 549.20 is a heightened evidentiary burden that a plaintiff must satisfy at trial; it does not apply in the pleading context under Rules 8 and 15, which establish that all factual allegations are assumed to be true and simply require the complaint plausibly state a claim. *See Evans v. Bus. Dev. Sales, Inc.*, No. 21-cv-01046 (SRN/HB), 2022 WL 670097, at *5 (D. Minn. Mar. 7, 2022) ("Defendants' argument that the Court must deny [a] motion [to amend] if Plaintiff does not present clear and convincing evidence must be rejected. . . . Rule 15 contains no requirement that proof be adduced in support of the motion."); *Xiaolin Li v. Franchoice, Inc.*, No. 19-cv-1267 (MJD/ECW), 2020 WL 2192325, at *6 (D. Minn. May 6, 2020) ("Section 549.20 governs the scope of punitive damages, and not only will Plaintiff need to plausibly allege a claim for punitive damages that meets the substantive requirements of that statute, he will also still need to prove at trial his entitlement to punitive damages by clear and convincing evidence, regardless of the application of Rule 15 in deciding the motion to amend.").

requires far more than mere negligence; instead, the alleged acts "must be done with malicious, willful, or reckless disregard for the rights of others." *Freeland v. Fin. Recovery Servs., Inc.*, 790 F. Supp. 2d 991, 994–95 (D. Minn. 2011) (quoting *Admiral Merchs. Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 268 (Minn. 1992)). As a result, the Court must begin by analyzing what rights Josie alleges the PPUC disregarded. *Mathiason v. Shutterfly, Inc.*, No. 22-cv-1203 (DSD/DJF), 2023 WL 3477612, at *6 (D. Minn. May 16, 2023).

Josie alleges that the PPUC and her supervisors "acted with deliberate indifference toward" her rights under the Whistleblower Act and ESST. ECF No. 45 at 8. Minnesota's Whistleblower Act prohibits an employer from taking adverse employment action against an employee who "in good faith, reports a violation, suspected violation, or planned violation of any federal or state law or common law." Minn. Stat. § 181.932, subd. 1(1). Minnesota's ESST mandates that employees be allowed to accrue sick time and provides that such time can be used to care for themselves or family members. Minn. Stat. § 181.9447, subd. 1(1)–(2). Like the Whistleblower Act, ESST prohibits an employer from retaliating against an employee because the employee "requested earned sick and safe time, used earned sick and safe time, . . . informed any person of his or her potential rights under [the ESST], [or] made a complaint or filed an action to enforce a right to earned sick and safe time" under the ESST. *Id.* subd. 6(a).

At the core of both statutes is an employee's right to be free from retaliation for asking an employer to follow the law. Accordingly, Josie's claim for punitive damages requires her to plausibly allege that "the decisionmakers involved in [her] termination

deliberately disregarded [her] right to be free from unlawful retaliatory discharge." *Sellner v. MAT Holdings, Inc.*, No. 13-cv-1289 (ADM/LIB), 2018 WL 784062, at *7 (D. Minn. Feb. 8, 2018).

The parties agree that a claim for retaliation under either the Whistleblower Act or the ESST requires "statutorily protected conduct by the employee, an adverse employment action by the employer, and a causal connection between the two." ECF No. 44 at 2 n.2 (quoting *Ramirez v. AMPS Staffing, Inc.*, No. 17-cv-5107 (DWF/BRT), 2018 WL 1990031, at *8 (D. Minn. Apr. 27, 2018)); ECF No. 45 at 9–10; ECF No. 50 at 4–5. Josie argues that she has pleaded enough to state such a claim for punitive damages because the PPUC placed her on the performance improvement plan ("PIP"), put her in a part-time position, took away her full-time employment benefits, and constructively discharged her after she "reported concerns about [PPUC's] failure to follow state and federal laws related to family and medical leave." ECF No. 45 at 9. Josie asserts that the necessary intentional disregard is shown by her allegations of "hostile comments toward her taking leave, [the PPUC's] denial of her right to take FMLA leave, the temporal proximity between her protected conduct and the adverse actions Defendants took, and her supervisors becoming upset when she raised concerns about the legality of the PIP." ECF No. 45 at 9; *see also* ECF No. 31-1 ¶¶ 28, 30, 47.

Magistrate Judge Brisbois concluded that Josie did not sufficiently allege that the PPUC took adverse employment action against her because she reported violations of the law. ECF No. 44 at 18–19. The Court disagrees. It is true, as Magistrate Judge Brisbois noted, that Josie does not allege direct evidence that the PPUC took adverse employment

action because of her reports. But she alleges circumstantial facts that, accepted as true, indicate that intent. For instance, Josie alleges a close temporal proximity between her requests for leave and complaints about the PIP's restrictions and adverse employment actions. ECF No. 31-1 ¶¶ 44–69. And "retaliatory motive may be inferred from circumstantial evidence pertaining to temporal proximity and an employer's knowledge of the employee's protected conduct." *Scarborough v. Federated Mut. Ins. Co.*, 379 F. Supp. 3d 772, 781 (D. Minn. 2019); *see McCracken v. Carleton Coll.*, 969 F. Supp. 2d 1118, 1133 (D. Minn. 2013) (quoting *Dietrich v. Canadian Pac. Ltd.*, 536 N.W.2d 319, 327 (Minn. 1995)) ("The causation element may be satisfied 'by evidence of circumstances that justify an inference of retaliatory motive, such as a showing that the employer has actual or imputed knowledge of the protected activity and the adverse employment action follows closely in time.'"). Josie also alleges that the PPUC grew increasingly hostile toward her various leave requests and denied her right to FMLA leave in the first place. ECF No. 45 at 9; *see also* ECF No. 31-1 ¶ 101.

Each of these allegations, taken as true, indicates some form of retaliation directed toward Josie for her requests that the PPUC provide her with legally protected leave. The PPUC may have placed Josie on the PIP, denied her FMLA leave requests, and grown frustrated with her attendance issues for legal reasons. And it ultimately may be proven at trial that Josie's attendance issues were inexcusable and unprotectable. But under the facts as alleged, a "plausible inference could be drawn that at least one motive" for the adverse actions was retaliation for Josa attempts to exercise those rights. *Mathiason*, 2023 WL 3477612, at *6; *see Sellner*, 2018 WL 784062, at *7 (permitting a claim for punitive

damages to proceed because "a reasonable jury could conclude that the decisionmakers involved in [the employee's] termination deliberately disregarded h[er] right to be free from unlawful retaliatory discharge"); *see also Speed RMG Partners*, 2021 WL 7286933, at *8 ("The Court need not consider the exact contours or extent of [the plaintiff's] ability to seek punitive damages in this case. It is enough for now to say that it may seek punitive damages in this action."). At this stage, that is all that is required. *Mathiason*, 2023 WL 3477612, at *6 (punitive damages sufficiently alleged where employer was put on notice of whistleblower activity and "acted in deliberate disregard for [plaintiff's] right not to be terminated); *Sellner*, 2018 WL 784062, at *7 (same).

**CONCLUSION**

For these reasons and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Ashley Josie's Objection to the Order Denying Plaintiff's Motion for Leave To Amend the Complaint To Seek Punitive Damages (ECF No. 45) is **SUSTAINED**;

2. The Order (ECF No. 44) is **VACATED**;

3. Ashley Josie's Motion for Leave To Amend (ECF No. 29) is **GRANTED**;

and

4. Ashley Josie must file the amended complaint by October 2, 2026.

Dated: September 24, 2026

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge